UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60155-CIV-MARRA/JOHNSON

FRANCIOS SERAPHIN,
as personal representative of the
Estate of KIRBY SERAPHIN, Deceased

    Plaintiff,

vs.

MICHAEL PARAPELLA, individually.
MICHAEL PARAPELLA, in his official
capacity as Broward County Deputy,
KEN JENNE, individually, KEN JENNE,
in his official capacity as Broward County
Sheriff, BROWARD SHERIFF'S OFFICE
and BROWARD COUNTY

    Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion to Remand, filed February 20, 2007. (DE 5.) The Court has carefully considered the motion, response, reply, entire court file, and is otherwise fully advised in the premises.

### Introduction

Plaintiff, as personal representative of the Estate of Kirby Seraphin, filed this action in state court against Broward County Deputy, Michael Parapella, in his individual and official capacity, Broward County Sheriff Ken Jenne, his individual and official capacity, Broward Sheriff's Office ("BSO") and Broward County. Plaintiff alleges Defendants violated the constitutional and civil rights of Kirby Seraphin when he was shot and killed during an arrest by

Co-Defendant Michael Parapella. Plaintiff alleges violations of 42 U.S.C. §1983, 42 U.S.C. § 1988, negligence, and wrongful death.

On February 6, 2007, Defendants BSO and Ken Jenne removed the case to federal court. Defendants Broward County and Michael Parapella did not join Co-Defendants' Motion to Remove; Broward County filed its answer in state court. On February 20, 2007, Plaintiff filed the instant motion to remand, arguing that Defendants Broward County and Michael Parapella have not joined or consented to the removal and therefore the removal is not valid.

Defendants BSO and Ken Jenne respond, arguing that Broward County is a "nominal" party and as such, its consent is not required. Defendants also argue that because Broward County has filed a motion for judgment on the pleadings/summary judgment in the state proceeding, Broward County is not an appropriate party to the lawsuit.[1] As a nominal party, BSO argues that Broward County's failure to join Jenne's and BSO's removal does not require remand.

Plaintiff responds that Broward County is not a nominal party because Plaintiff has pled in the Amended Complaint that Broward County inadequately supervised and trained its deputies, thereby failing to adequately discourage the kind of constitutional violations that allegedly resulted in Kirby Seraphin's death.

## Discussion

In cases with multiple defendants, all defendants who have been served must consent to the removal of a case to federal court. <u>Russell Corp. v. American Home Assurance Co.</u>, 264 F.

---

[1] Defendants also argue that the consent of Defendant Parapella is premature as he has not been properly served. The Court finds Broward County's status dispositive and therefore does not address whether or not Defendant Parapella has been properly served.

3d 1040, 1049 (11th Cir. 2001).  However, the well-settled exception to this rule is that a nominal defendant need not join in or consent to removal.  Tri-Cities Newspapers, Inc., v. Tri-Cities Printing & Assistants Local, 427 F. 2d 325, 327 (5th Cir. 1970).[2]  One test of whether a defendant is a nominal party "is if his role in the law suit is that of a depositary or stakeholder." Id.  However, there is no bright line rule in this determination; rather a defendant's status as a nominal party depends on the facts of each case.  Id.

     Here, the Court determines Broward County is not a nominal party as suggested by Defendants.  Defendants' argument that Broward County's pending motion for summary judgment amounts to a clear finding that Broward County is not an appropriate party is unpersuasive.  If this were true, non-consenting defendants would merely have to file dispositive motions in state court to avoid removal to federal court.

     The more appropriate analysis is whether Broward County is a proper party in a lawsuit where the Sheriff is also a defendant.  Clearly, "a suit against a governmental official in his official capacity is deemed a suit against an entity that he represents" Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999) (internal citations omitted).  Simply stated, when Sheriff Ken Jenne is sued in his official capacity, who does he represent? If Ken Jenne represents Broward County, then Broward County is a proper party, not a nominal party.

     The Court begins its analysis with an examination of Eleventh Circuit precedent.  The Eleventh Circuit examined this issue in Lucas v. O'Loughlin, a case brought by a deputy sheriff

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

against a sheriff, St. Johns County, Florida, and others pursuant to 42 U.S.C. § 1983. Lucas v. O'Loughlin, 831 F.2d 232 (11th Cir. 1987). The district court had dismissed the county from the case. Id. at 233. The deputy sheriff in that case argued that the sheriff has "absolute and unfettered authority" over his deputies and that the sheriff's acts represent the "official policy" of the county. Id. at 234. In contrast, St. Johns County argued that the sheriff's functions are "completely independent" of the county government. Id. The Eleventh Circuit held as follows:

> Although elected by virtue of state law, [the sheriff] was elected to serve the county as sheriff. In that capacity, he had absolute authority over the appointment and control of his deputies. His and their salaries were paid by local taxation and according to a budget approved by the county commissioners. We conclude, therefore, that his act was the act of St. Johns County. The trial court erred in dismissing the county as a defendant.[3]

Id. at 235. The Eleventh Circuit rejected St. Johns County's arguments in Lucas, and held that the district court's dismissal of the county was erroneous. Lucas, 831 F.3d at 235-36.

Lucas was reexamined in Hufford v. Rodgers, 912 F.2d 1338 (11th Cir. 1990). The plaintiff in Hufford sued the Sheriff of Gilchrist County, Florida and a deputy sheriff in their official capacities pursuant to 42 U.S.C. § 1983. Id. at 1340. The issue in that case was whether a Florida sheriff is a state officer for Eleventh Amendment sovereign immunity purposes. Id. at 1340-41. The Hufford court noted that a sheriff in Florida is a county officer and that the county funds the sheriff's budget and salary. Id. at 1341-42. In finding that the sheriff is a county official in Florida, the court cited two Eleventh Circuit cases: Lucas and Lundgren v. McDaniel, 814 F.2d 600, 605 n.4 (11th Cir. 1987). Lundren, decided before Lucas, stated in a footnote that the Eleventh Amendment does not

---

[3] In dismissing the county, the district court in Lucas commented that the "[t]he law is screwed up in this area" and "there is no telling what the appellate court is going to do." Lucas, 831 F.2d at 236.

bar a recovery against a county sheriff and that any judgment against a sheriff in his official capacity is against the county sheriff's office. Id.  Although both Lucas and Lundren stand for the proposition that the Eleventh Amendment does not immunize a Florida county sheriff from liability, the Hufford court did not discuss the discrepancy between Lucas, which stated that an official capacity suit against a Florida sheriff is a suit against a county, and the Lundren, which implied that an official capacity suit against a Florida sheriff is a suit against the sheriff's office.

Nor did the 1990 decision of Wright v. Sheppard shed light on this issue.  In that case, the plaintiff sued the Sheriff of Highland County, Florida and a deputy sheriff in their individual and official capacities pursuant to 42 U.S.C. § 1983.[4]  Wright v. Sheppard, 919 F.2d 665, 666-67 (11th Cir. 1990).  No county was named as a defendant.  In examining the claim brought pursuant to 42 U.S.C. § 1983, the Eleventh Circuit implied that the entity being sued was the sheriff's department. Id. at 673-75.  There was no discussion as to how this conclusion was reached nor did it discuss Lucas or Lundren.

The Eleventh Circuit recognized this inconsistency in Brown v. Nuemann, 188 F.3d 1289 (11th Cir. 1999).  In that case, the plaintiff sued the Sheriff of Palm Beach County, Florida in his official capacity. Id. at 1290.  The Court noted that a suit against the sheriff was a suit against the governmental entity that he or she represents. Id. at 1290.  As a footnote, the Court stated:

> We recognize that our decisions have not been entirely consistent on whether the relevant entity in an official-capacity suit against a sheriff in Florida is the County or the Sheriff's Department (as a unit operating autonomously from the County). Compare Lucas v. O'Loughlin, 831 F.2d 232, 235 (11th Cir.1987) (County) with Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir.1990) (implying that the Sheriff's

---

[4] The plaintiff in Wright also brought claims pursuant to federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § § 1961 et seq., and Florida RICO, Fla. Stat. § § 895.01 et seq.

>Department would be the relevant entity). We do not address this point because our holding today is that whatever the relevant entity was, it is not liable under Monell.

Id. at 1290 n.2 (internal citations partially omitted).

Most recently, the Eleventh Circuit addressed this issue in Cook *ex rel*. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092 (11th Cir. 2005). In Cook, the plaintiff sued the Sheriff of Monroe County, Florida pursuant to 42 U.S.C. § 1983, but did not name Monroe County as a co-defendant. In addressing the claim brought pursuant to 42 U.S.C. § 1983, the Court stated "[w]hen, as here, the defendant is the county sheriff, the suit is effectively an action against the governmental entity he represents - in this case, Monroe County." Id. at 1115. Significantly, there was no discussion of the inconsistency previously noted in Brown. This holding was re-affirmed in an unpublished decision, Adcock v. Baca, 157 F.App'x. 118 (11th Cir. 2005). There, a claim was brought against a Polk County Florida Sheriff pursuant to 42 U.S.C. § 1983. Id. at 119. The Eleventh Circuit cited Cook and stated that this action was "effectively an action against the government entity he represents - in this case, Polk County." Id.

Although the law in this area lacks clarity, this Court is persuaded by Lucas that the dismissal of the County as a defendant may constitute reversible error, given that the Eleventh Circuit reversed a district court for dismissing the county in Lucas. Significantly, Lucas is the only case that addressed the dismissal of a county defendant in a claim brought against a sheriff and a county pursuant to 42 U.S.C. § 1983. Moreover, although Wright and Lundren implied that the entity that represents the county sheriff is the sheriff's office, those cases did not state that Lucas was no longer good law nor did they state unequivocally that the sheriff did not represent the county. Indeed, Brown noted this inconsistency between Wright and Lundren in

6

contrast with Lucas, but did not resolve it.  When faced with conflicting panel decisions, the law in the Eleventh Circuit holds that the earlier decision is binding until the court decides the issue en banc.  Local Union 48 Sheet Metal Workers v. S.L. Pappas & Co., Inc., 106 F.3d 970, 975 (11th Cir. 1997); Clark v. Housing Auth. of City of Alma, 971 F.2d 723, 726 n.4 (11th Cir. 1992).  Finally, the last word from the Eleventh Circuit, as stated in Cook and Adcock, convinces this Court that the County is a proper party to this lawsuit. That stated, the Court recognizes that the language in Cook and Adcock may simply be dicta.  After all, neither Cook nor Adcock resolve the inconsistency discussed in Brown.  However, these recent cases provide additional support that Lucas should be followed, and no reading of these cases suggests that the county is not a proper party when a sheriff in Florida is sued in his or her official capacity.

Accordingly, the Court concludes that Broward County is a proper party to this lawsuit, not a nominal party.  Consequently, Broward County's failure to consent to the removal requires that the case be remanded to state court.

## Costs and Attorney Fees

In addition to a remand, Plaintiff has requested an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).  District courts have jurisdiction to resolve a motion for fees and costs under 28 U.S.C. §1447(c) after the court has issued a remand order.  *Bryant v. Britt,* 420 F.3d 161,166 (2d Cir. 2005); *Wisconsin v. Hotline Indus., Inc.,* 236 F.3d 363, 365 (7th Cir.2000); *Stallworth v. Greater Cleveland Reg'l Trans. Auth.,* 105 F.3d 252, 255-57 (6th Cir.1997); *Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1258-59 (3d Cir.1996); *Moore v. Permanente Med. Group,* 981 F.2d 443, 445 (9th Cir.1992).  Defendants have failed to respond to Plaintiff's request.  Accordingly, Defendants shall file a response to Plaintiff's request for fees

and costs within twenty days from the date of this order and Plaintiff shall have ten days to file a reply.

### Conclusion

It is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand **(DE 5)** is **GRANTED.**  The Clerk is directed to remand this case to the Circuit Court of the Seventeenth Judicial Circuit of Florida.  The Clerk shall **CLOSE** this case.  The Court retains jurisdiction to resolve Plaintiff's Motion for Attorney fees; Defendants shall file a response within twenty days from the date of this order and Plaintiff shall have ten days to file a reply.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of May, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
Magistrate Judge Linnea R. Johnson
All Counsel of record