UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60155-CIV-MARRA/JOHNSON

FRANCIOS SERAPHIN,
as personal representative of the
Estate of KIRBY SERAPHIN, Deceased

      Plaintiff,

vs.

MICHAEL PARAPELLA, individually.
MICHAEL PARAPELLA, in his official
capacity as Broward County Deputy,
KEN JENNE, individually, KEN JENNE,
in his official capacity as Broward County
Sheriff, BROWARD SHERIFF'S OFFICE
and BROWARD COUNTY

      Defendants.
_____/

## OPINION AND ORDER

_____This cause is before the Court upon Plaintiff's Motion to Remand, filed February 20, 2007. (DE 5.) On May 15, 2007, the Court granted Plaintiff's Motion to Remand and directed Defendants to respond to Plaintiff's request for attorney fees, contained within the motion to remand. (DE 20.) On June 1, 2007, Defendants responded (DE 22) and on June 15, 2007, Plaintiff filed a reply (DE 23). The matter is now ripe for review.

**I.      Background**

Plaintiff, as personal representative of the Estate of Kirby Seraphin, filed this action in state court against Broward County Deputy, Michael Parapella, in his individual and official capacity, Broward County Sheriff Ken Jenne, in his individual and official capacity, Broward

Sheriff's Office ("BSO") and Broward County. Plaintiff alleged Defendants violated the constitutional and civil rights of Kirby Seraphin when he was shot and killed during an arrest by Co-Defendant Michael Parapella. Plaintiff alleged violations of 42 U.S.C. §1983, 42 U.S.C. § 1988, negligence, and wrongful death.

On February 6, 2007, Defendants BSO and Ken Jenne removed the case to federal court. Defendants Broward County and Michael Parapella did not join Co-Defendants' Motion to Remove; Broward County filed its answer in state court. On February 20, 2007, Plaintiff filed the instant motion to remand, arguing that Defendants Broward County and Michael Parapella have not joined or consented to the removal and therefore the removal is not valid.

Defendants BSO and Ken Jenne responded, arguing that Broward County was a "nominal" party and as such, its consent was not required. As a nominal party, BSO argued that Broward County's failure to join Jenne's and BSO's removal did not require remand.

On May 15, 2007, the Court granted Plaintiff's Motion to Remand, finding that Broward County was not a nominal party. (DE 20.) The Court reached this conclusion after ackonwedging that the law in this area - whether the County is a proper party where the Sheriff is a defendant and is being sued in his official capacity pursuant to 42 U.S.C. § 1983 - lacks clarity. The Court undertook a lengthy discussion, dissecting the relevant case law in the Eleventh Circuit. It was only after an extensive analysis that the Court reached its conclusion.

## II.     Attorneys Fees

District courts have jurisdiction to resolve a motion for fees and costs under 28 U.S.C. §1447(c) after the court has issued a remand order. *Bryant v. Britt*, 420 F.3d 161, 166 (2d Cir. 2005); *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000); *Stallworth v. Greater*

*Cleveland Reg'l Trans. Auth.,* 105 F.3d 252, 255-57 (6th Cir.1997); *Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1258-59 (3d Cir. 1996); *Moore v. Permanente Med. Group,* 981 F.2d 443, 445 (9th Cir. 1992). The Supreme Court has held that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. *Martin v. Frankling Capital Group*, 546 U.S. 132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" and this determination "should turn on the reasonableness of the removal." *Id.* at 140-41.

Here, the Court finds that Defendants had an objectively reasonable basis for removal. As discussed in detail in this Court's order (DE 20), the issue of whether the County is a proper defendant when the Sheriff is a named Defendant lacked clarity. Given the lack of clarity in the law, Defendants' removal was not unreasonable. The Court also finds that Defendants did not remove the case for the purpose of prolonging litigation or imposing costs; rather, as Defendants argue, they removed the case to have their federal question addressed by a federal court. Plaintiff's argument to the contrary, that Defendants pending motion for summary judgment in state court relied on inapplicable cases applying Georgia law, is unavailing.

3

### III.   Conclusion

It is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Attorney Fees **(DE 5)** is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of September, 2007.

                                          KENNETH A. MARRA
                                          United States District Judge

Copies furnished to:
Magistrate Judge Linnea R. Johnson
All Counsel of record